IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY, D/B/A DOMINION ENERGY VIRGINIA; OSW PROJECT LLC,<br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT; DOUGLAS BURGUM, Secretary of the Interior, in his official capacity; MATTHEW GIACONA, Acting Director, Bureau of Ocean Energy Management, in his official capacity,<br><br>　　　　Defendants. | Case No. 2:25-cv-00830 |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiffs Dominion Energy Virginia and OSW Project LLC (collectively, "DEV") have moved this Court under Federal Rule of Civil Procedure 65(b) and 5 U.S.C. § 705 for a temporary restraining order to suspend the effectiveness of a Director's Order ("Order") issued by Defendant Matthew Giacona on December 22, 2025 suspending all ongoing activities on the Outer Continental Shelf relating to the Coastal Virginia Offshore Wind Commercial Project (CVOW).

DEV's Motion for a Temporary Restraining Order is GRANTED. The Court finds that Plaintiffs are likely to prevail on their claims that the Order violates the Administrative Procedure Act and the Outer Continental Shelf Lands Act (OCSLA). Consistent with Fed. R. Civ. P. 65(b)(2), the Court finds that the Order is causing DEV ongoing irreparable harm,

1

including more than $5 million a day in costs solely for vessel services, as well as additional costs for an idle work force, costs to store and maintain major components awaiting installation, and risks of severely compromising the overall CVOW construction schedule, which would expose DEV and its customers to hundreds of millions of dollars of additional costs. Because there is no mechanism for compensating DEV for these damages, the harm is irreparable. The balance of the equities and the public interest also favor injunctive relief.

The Court accordingly grants a temporary restraining order to preserve the status quo and to allow time for briefing and consideration of a motion for a preliminary injunction. The Court determines that no bond is required under Fed. R. Civ. P. 65(c).

Now, therefore, it is hereby ORDERED that:

1. Defendants and their respective officers, agents, servants, employees, and attorneys, and any person in active concert or participation with them who receive actual notice of this order are hereby enjoined from enforcing or implementing the Order.

2. Consistent with Fed. R. Civ. P. 65(b)(2), this injunction remains in effect for 14 days following the date of this Order, or pending further orders from this Court.

As provided by Fed. R. Civ. P. 65(b)(3), the Court will set an expedited schedule for a preliminary injunction hearing.

It is so ordered.

Dated this ___ hour of this ___ day of December 2025.

_____
UNITED STATES DISTRICT JUDGE