IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Virginia Electric and Power Company, d/b/a Dominion Energy Virginia; OSW Project LLL,<br><br>     Plaintiffs,<br><br> v.<br><br>U.S. Department of the Interior; Bureau of Ocean Energy Management; Douglas Burgum, in his official capacity as Secretary of the Interior; Matthew Giacona, in his official capacity as Acting Director, Bureau of Ocean Energy Management,<br><br>     Defendants. | Case No. 2:25-cv-830 (JKW/LRL) |

**NOTICE OF INTENT ON SHARING CLASSIFIED INFORMATION**

 The Department of the Interior's decision to suspend Dominion's OCSLA lease was based on information classified as secret by the War Department ("the classified information"). By Order dated December 28 (Dkt. 26), the Court directed the government "to inform the Court on or before December 31, 2025, whether it intends to share the classified information with Dominion employees and/or counsel who have a secret security clearance."

 As Dominion has noted (Dkt. 11-1 at 2-3), the processing and administration of Dominion's OCSLA lease and COP approval have involved the evaluation and discussion of national security matters. As part of that ongoing relationship and in the course of discussing the

suspension and exploring potential means of mitigating the national security concerns that led to the suspension of Dominion's OCSLA lease, the Interior and War Departments will determine, in the normal course, whether the classified information in question can be shared with the appropriate Dominion representatives consistent with existing policies and regulations. That process is separate from (and not at issue in) the litigation.

The Department of Justice, however, does not intend to share the classified information with Plaintiffs or their counsel as part of the litigation. It has long been the federal government's position that civil litigation does not provide private entities or individuals the requisite "need to know" classified information, even if a person has previously been found to be suitable to receive access to classified information after an investigation of their background and has a security clearance. If the Court wishes, Federal Defendants can provide a memorandum that explains that position.

Federal Defendants will, as directed, submit the classified information for the Court's *ex parte* and *in camera* review. Defendants do not interpret the Court's December 28 order as contemplating the presentation or discussion of classified information at the January 16 hearing.

December 31, 2025

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

/s/ *Peter Kryn Dykema*
PETER KRYN DYKEMA
(DC. Bar No. 419349)
Natural Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305 0436
Peter.dykema@usdoj.gov

LINDSEY HALLIGAN
U.S. ATTORNEY AND SPECIAL ATTORNEY

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

ROBERT K. MCBRIDE
FIRST ASSISTANT U.S. ATTORNEY

 /s/ *Kent P. Porter*
KENT P. PORTER, VSB No. 22853
Supervisory Assistant U.S. Attorney
Office of the United States Attorney
8000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23505
Tel:     (757) 441-6331
Fax:    (757) 441-6689
Email: kent.porter@usdoj.gov

Electronically filed