IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY D/B/A DOMINION ENERGY VIRGINIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-830 |

**MEMORANDUM OPINION**

On December 28, 2025, the Court issued a short order denying a motion for reconsideration filed by Plaintiffs Virginia Electric and Power Company d/b/a Dominion Energy Virginia and OSW Project, LLC (collectively "Dominion"). ECF Nos. 23 (motion), 25 (order). This opinion memorializes the Court's reasoning.

**I.  BACKGROUND**

On December 22, 2025, the Bureau of Ocean Energy Management (BOEM) issued an order to stop work on a Dominion offshore wind project. The next day, Dominion filed a motion for a temporary restraining order against the United States Department of the Interior, BOEM, and the heads of both entities (collectively "the government"), seeking to enjoin the stop-work order. ECF No. 11. Dominion represented that it had notified the government of the motion. ECF No. 13 at 8. However, the government had not yet entered an appearance in this case.

Accordingly, the Court set a hearing on the motion for a TRO for December 29, 2025, and directed Dominion to notify the government of the hearing. ECF No. 16.

On December 27, 2025, the government filed a response in opposition to the TRO motion and submitted an affidavit in support of its position. ECF Nos. 19, 19-1. Based on the evidence the government presented—and the representation that it intended to provide the Court with the classified information on which the stop-work order was based—the Court converted Dominion's TRO motion to a motion for a preliminary injunction, vacated the hearing on the original motion, and set a briefing schedule, including a deadline for the government to provide the classified information for *ex parte, in camera* review. ECF No. 22.

Dominion immediately asked the Court to reconsider its order and to rule on the motion for a TRO. ECF Nos. 23 (motion), 24 (memorandum). The Court denied the motion for reconsideration in a brief order. ECF No. 25.

## II. LEGAL STANDARD

"[A]ny [interlocutory] order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (a district court has "the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment"). "A district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest

injustice." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2014 WL 2121563, at *1 (E.D. Va. May 20, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (articulating the same standard for motions to amend a judgment under Fed. R. Civ. P. 59(e)).

### III.  ANALYSIS

Dominion neither cites Fed. R. Civ. P. 54 nor attempts to apply the reconsideration standard. And on those bases alone, the Court could have denied the motion. But the Court has attempted to surmise the rationale underlying Dominion's request. The Court gleans from the memorandum in support of the motion that Dominion does not contend there was a "change in controlling law" in the one hour and 31 minutes between the Court's order and the filing of the motion for reconsideration.[1] *LaFleur*, 2014 WL 2121563, at *1. Likewise, Dominion does not purport to raise any "new evidence not available earlier." *Id.* Therefore, it appears, as best the Court can tell, that Dominion believes the decision to convert the motion for a TRO to one for a preliminary injunction was either a "clear error of law" or resulted in "manifest injustice." *Id.* The Court will address each possibility in turn.

#### A.  Clear Error of Law

District courts in the Fourth Circuit routinely convert motions for TROs to motions for preliminary injunctions in circumstances where the defendant has received notice of the proceedings and the court has held a full adversary proceeding.

---

[1] The order converting the TRO motion to a motion for a preliminary injunction was docketed at 12:58 p.m. on December 28, 2025, and Dominion filed its motion for reconsideration at 2:27 p.m. the same day.

3

*See, e.g.*, *Adirim v. U.S. Cent. Intel. Agency*, No. 1:25-cv-768, 2025 WL 1427509, at *1 (E.D. Va. May 9, 2025); *Siahaan v. Madrigal*, No. 8:20-cv-2618, 2020 WL 5893638, at *8 (D. Md. Oct. 5, 2020); *Daly v. Tennant*, 216 F. Supp. 3d 699, 702 (S.D.W.Va. 2016).[2] This is because Fed. R. Civ. P. 65's principles regarding TROs "are designed to alleviate the harshness of [entering] an *ex parte* order and to ensure the excluded party is given an opportunity to present its case as soon as possible." *Toro Co. v. Textron, Inc.*, 703 F. Supp. 417, 418 (W.D.N.C. 1987). But "[w]here there is a full adversary hearing on the issues raised by the [m]otion, the procedures and rules governing a [m]otion for [p]reliminary [i]njunction are sufficient to protect the parties." *Id.* at 418–19; *see also* § 2951 Temporary Restraining Orders—In General, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.).

Because the government presented evidence in response to Dominion's motion for a TRO before the originally scheduled hearing, the principles underlying the TRO procedures no longer applied, so the motion was effectively converted to one for a preliminary injunction regardless of the Court's order. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (preliminary injunction standard); *e.g., Vitkus v. Blinken*, 79 F.4th 352, 359 (4th Cir. 2023) (applying *Winter* to a motion for a TRO); *see also U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F. 3d 275, 281 n.1 (4th Cir. 2006) (TROs and preliminary injunctions distinguished only by their duration).

---

[2] The Fourth Circuit also routinely reviews district court decisions on preliminary injunctions converted from motions for TROs without commenting on the conversions. *See, e.g., Vitkus v. Blinken*, 79 F.4th 352, 359 (4th Cir. 2023); *In re Landmark Land Co. of Oklahoma, Inc.*, 973 F.2d 283, 287 (4th Cir. 1992).

4

Therefore, the order converting the motion and setting a briefing schedule on a preliminary injunction was not contrary to law.

Insofar as the Court failed to hold a hearing as quickly as Dominion would have liked, that is also not a legal error. Rule 65 requires a hearing on a motion for a preliminary injunction "at the earliest possible time" only when a TRO has already issued without notice. Fed. R. Civ. P. 65(b)(3). That did not happen here.

Finally, it is possible that Dominion reads the order converting the motion as a denial of the request for a TRO and seeks reconsideration of such denial. Indeed, that interpretation is perhaps the most consistent with Dominion's briefing on the motion for reconsideration, which exclusively argues the merits of the original TRO motion, as would a reply to the government's opposition. *See generally* ECF No. 24. To be abundantly clear, the Court did not deny the motion for a TRO; it converted that motion to one for a preliminary injunction, and it will still consider all of Dominion's arguments and evidence in that context.

### B. Manifest Injustice

In its motion for reconsideration, Dominion argues extensively that it will suffer millions of dollars of irreparable harm every day the government's stop-work order is not enjoined. ECF No. 24 at 1–6. While the brief makes no mention of "manifest injustice," *LaFleur*, 2014 WL 2121563, at *1, it appears to the Court that this is Dominion's central concern. However, to demonstrate manifest injustice arising from the Court's decision to convert the TRO motion and set a briefing schedule on a preliminary injunction, Dominion would have to demonstrate that it

5

was likely to succeed on the motion for a TRO and, therefore, that the Court's decision to order further briefing delayed relief. Based on this Court's review of the limited evidence before it, Dominion has not done that.

Dominion could not obtain a TRO without making a "clear showing" that the government's reason for the stop-work order is likely illegal. *Winter*, 555 U.S. at 20 (requiring proof of likelihood of success on the merits). But Dominion's argument that the stop-work order is unlawful depends on the assumption that the government's failure to articulate the underlying factual basis for its decision in the stop-work order itself, or else to Dominion personnel, means the decision *has* no sufficient factual basis. *See, e.g.*, ECF No. 13 at 26 (arguing "BOEM has not cited an applicable trigger to interrupt [] construction, and so the [stop-work[ [o]rder was issued in contravention of BOEM's authority."). And Dominion treats the absence of detailed classified information in the record as the government's problem. *See, e.g.*, ECF No. 24 at 7 (criticizing the government's opposition to the TRO motion for "lack[ing] any detail on the nature of its new classified information or associated national security concerns") (quotation marks omitted), 8 (asserting that the government does not "say which [project] components under construction or operations purportedly pose [national security] concerns or how they do so").

But it is *Dominion's* burden to demonstrate that the reason for the stop-work order is contrary to law. *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997). That burden does not shift to the government no matter how severe the risk of irreparable harm to Dominion. *See Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575

6

F.3d 342, 346 (4th Cir. 2010) (failure on any one of the *Winter* factors requires denial of a TRO).

The Court could not have fully evaluated the validity of the government's stated reason for the stop-work order without reviewing the information on which the order was based. Therefore, by providing the government some time to produce the classified information underlying its decision—and soliciting briefing on a preliminary injunction—the Court has left open a path for Dominion to prevail in its pursuit of preliminary relief. That is not manifestly unjust, and it does not warrant reconsideration.

## IV.  CONCLUSION

For the reasons explained herein, the Court denied Dominion's motion for reconsideration (ECF No. 23). ECF No. 25.

/s/ *Jamar K. Walker*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
December 31, 2025