IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |
|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY, D/B/A DOMINION ENERGY VIRGINIA, *et al.*, | |
| Plaintiffs, | Case No. 2:25-cv-830 (JKW/LRL) |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | |
| Defendants. | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants U.S. Department of the Interior ("Interior"), Douglas Burgum in his official capacity as Secretary of the Interior, Bureau of Ocean Energy Management ("BOEM"), and Matthew Giacona in his official capacity as Acting Director of BOEM hereby answer the Complaint of Plaintiffs Virginia Electric and Power Company, d/b/a Dominion Energy Virginia, and OSW Project LLC (collectively, "DEV"), Dkt. No. 1.  The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.  Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include legal or factual allegations, Defendants deny those allegations.  Defendants deny any allegations not otherwise admitted, denied, or qualified herein.

1.      Defendants admit that BOEM issued a Director's Order to OSW Project LLC on December 22, 2025 ("Suspension Order") suspending all ongoing activities related to the Coastal

Virginia Offshore Wind - Commercial Project ("CVOW") on the Outer Continental Shelf ("OCS") for 90 days, and that CVOW has been fully permitted and under construction off- and on-shore since early 2024. The allegation that CVOW was projected to begin generating electricity in early 2026 is outdated; Defendants admit that CVOW has begun producing electricity at the time of this answer. Defendants deny any remaining allegations in the first sentence of Paragraph 1. Defendants admit the allegations in the second sentence of Paragraph 1.

2.     Defendants deny the allegations in Paragraph 2.

3.     Defendants admit the allegations in the first sentence of Paragraph 3. With respect to the second and third sentences of Paragraph 3, Defendants admit that BOEM and other federal agencies issued approvals associated with CVOW following review of environmental and safety issues that spanned multiple years. The allegations regarding "myriad other . . . state[] and local agencies" and their respective reviews of CVOW are vague and ambiguous as to the agencies and reviews being referenced, and Defendants deny the allegations on that basis. Defendants deny any remaining allegations in the second and third sentences of Paragraph 3. The allegations in the fourth and fifth sentences of Paragraph 3 are vague and ambiguous as to what constitutes an "overwhelming scientific consensus" and as to the court proceedings, measures, and safeguards being referenced, and Defendants deny the allegations on that basis. The allegations in the sixth sentence of Paragraph 3 purport to characterize filings and a court order from a case in the U.S. District Court for the District of Columbia, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced filings and decision, they are denied.

4.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 4 and deny them on that

2

basis.  The allegations in the third sentence of Paragraph 4 are vague and ambiguous as to what is meant by "critical importance," what energy and infrastructure projects are being referenced, and where and in what format "the current Administration has repeatedly recognized elsewhere" the earlier assertions in that sentence, and the allegations are denied on that basis.  The allegations in the fourth sentence of Paragraph 4 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA") and BOEM regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statute and regulations, they are denied.

5.      Defendants deny the allegations in the first sentence of Paragraph 5.  The remaining allegations in Paragraph 5 are vague and ambiguous as to the entities and actions being referenced, and Defendants deny the allegations on that basis.

6.      Defendants deny the allegations in the first and third sentences of Paragraph 6.  Defendants admit the allegations in the second sentence of Paragraph 6.  Regarding the allegations in the fourth sentence of Paragraph 6, Defendants admit that BOEM and the Bureau of Safety and Environmental Enforcement have not found DEV to have violated regulations or the CVOW lease.  The remaining allegations in the fourth sentence of Paragraph 6 purport to characterize the Suspension Order and BOEM regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the Suspension Order and referenced regulations, they are denied.

7.      Defendants deny the allegations in the first sentence of Paragraph 7.  Defendants admit the allegations in the third sentence of Paragraph 7.  Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the second, fourth, and fifth sentences of Paragraph 7 and deny them on that basis.

3

8.      Defendants admit the allegations in the first sentence of Paragraph 8. With respect to the fourth sentence of Paragraph 8, Defendants admit that on September 22, 2025, the U.S. District Court for the District of Columbia preliminarily enjoined a stop work order issued to Revolution Wind, LLC on August 22, 2025. The remaining allegations in the fourth sentence of Paragraph 8 purport to characterize that Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Order, they are denied. With respect to the fifth sentence of Paragraph 8, Defendants admit that on December 8, 2025, the U.S. District Court for the District of Massachusetts vacated Interior's implementation of Section 2(a) of the Presidential Memorandum titled *Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects*, but deny any remaining allegations in the fifth sentence of Paragraph 8. Defendants deny the allegations in the second, third and sixth sentences of Paragraph 8.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction but deny any remaining allegations.

10.      The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11.      The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper and that this case is properly heard in the Norfolk Division, but deny any remaining allegations.

12.      Defendants admit the allegations in Paragraph 12.

13.      Defendants admit the allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.     The allegations in Paragraph 19 purport to characterize a publication by the United States Department of Energy, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced publication, they are denied.

20.     The allegations in Paragraph 20 purport to characterize a publication by the United States Department of Energy, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced publication, they are denied.

21.     The allegations in Paragraph 21 purport to characterize a publication from the U.S. Department of Energy and the *Offshore Wind Market Report: 2024 Edition*, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced publications, they are denied.

22.     The allegations in Paragraph 22 are vague and ambiguous as to what "generational opportunity" means, and the allegations are denied on that basis.

23.     Defendants deny the allegations in the first sentence of Paragraph 23.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and deny them on that basis.

24.     The allegations in the first sentence of Paragraph 24 are vague and ambiguous as to what qualifies generation capacity as "exceptional," and the allegations are denied on that basis.

Defendants deny the allegations in the second sentence of Paragraph 24. The remaining allegations in Paragraph 24 are vague and ambiguous as to what finding or document from the Department of Energy is being referenced, and the allegations are denied on that basis.

25. Defendants deny the allegations in the first and third sentences of Paragraph 25. The allegations in the second sentence of Paragraph 25 are vague and ambiguous as to what "fast and almost constant" means and the allegations are denied on that basis. The allegations in the fourth sentence of Paragraph 25 are vague and ambiguous as to what constitutes "less loss," and the allegations are denied on that basis.

26. The allegations in the first sentence of Paragraph 26 are vague and ambiguous as to what qualifies an investment as "enormous," and the allegations are denied on that basis. Defendants admit the allegations in the second sentence of Paragraph 26. The allegations in the third sentence of Paragraph 26 characterize a publication by American Clean Power, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the referenced publication, they are denied.

27. The allegations in the first sentence of Paragraph 27 are vague and ambiguous as to the opportunities being referenced and the allegations are denied on that basis. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and deny them on that basis.

28. The allegations in Paragraph 28 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

29. The allegations in Paragraph 29 purport to characterize the Energy Policy Act of 2005, which speaks for itself and is the best evidence of its contents. To the extent the allegations

are inconsistent with the referenced act, they are denied.

30.    The allegations in Paragraph 30 purport to characterize various federal laws, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those laws, they are denied.

31.    The allegations in the first sentence of Paragraph 31 purport to characterize renewable portfolios of Virginia and the District of Columbia, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced portfolios, they are denied.  The remaining allegations in the first sentence of Paragraph 31 are vague and ambiguous as to what other states are being referenced, and those allegations are denied on that basis.  The allegations in the second sentence of Paragraph 31 are vague and ambiguous as to the measures, generation requirements, and public utilities being referenced, and the allegations are denied on that basis.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 and deny them on that basis.

32.    The allegations in Paragraph 32 purport to characterize filings and opinions in various court cases, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced filings and opinions, they are denied.

33.    Defendants admit the allegations in Paragraph 33.

34.    Defendants admit the allegations in Paragraph 34.

35.    Defendants admit the allegations in the first and fourth sentences of Paragraph 35.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 35 and deny them on that basis.

36.    The allegations in the first sentence of Paragraph 36 purport to characterize Executive Order No. 14318, which speaks for itself and is the best evidence of its contents.  To the

extent the allegations are inconsistent with the referenced Executive Order, they are denied. Defendants deny the allegations in the third sentence of Paragraph 36. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 36 and deny them on that basis.

37. The allegations in the first sentence of Paragraph 37 are vague and ambiguous as to what "national security objectives" are being referenced, and the allegations are denied on that basis. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and deny them on that basis.

38. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and deny them on that basis.

39. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and deny them on that basis.

40. The allegations in the first sentence of Paragraph 40 are vague and ambiguous as to what constitutes "extensive demand" and the allegations are denied on that basis. Defendants admit the remaining allegations in Paragraph 40.

41. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and deny them on that basis.

42. Defendants admit the allegations in the first sentence of Paragraph 42 and that CVOW is designated as a covered project under the FAST-41 statute. The allegations in the second sentence and the allegations in the third sentence of Paragraph 42 purport to characterize the FAST-41 statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

43. Defendants admit the allegations in Paragraph 43.

44.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.    The allegations in the fifth and sixth sentences of Paragraph 45 are outdated.  Defendants admit that installation of transition pieces is now complete, that installation of wind turbine generators has begun, and that all three offshore substations have now been installed.  Defendants admit the remaining allegations in Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46.

47.    Defendants admit that transition piece installation is now complete and that three wind turbine generators had been installed as of April 7, 2026.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and deny them on that basis.

48.    Defendants admit the allegations in the first and second sentences of Paragraph 48.  Defendants deny the allegations in the third sentence of Paragraph 48.

49.    The allegations in the first sentence of Paragraph 49 are outdated.  Defendants admit that CVOW has begun producing power at this point.  Defendants admit the allegations in the second sentence of Paragraph 49.

50.    Defendants admit that there are numerous regulatory agencies and stakeholders involved with CVOW.  Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and deny them on that basis.

51.    Defendants admit that federal agencies conducted review under the National Environmental Policy Act ("NEPA") prior to issuing approvals associated with CVOW, and that national security issues are considered during the NEPA process when appropriate.  Defendants deny any remaining allegations in the first and third sentences of Paragraph 51.  The allegations in the

second sentence of Paragraph 51 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with NEPA, they are denied.

52. Defendants admit the allegations in Paragraph 52.

53. Defendants admit the allegations in the first sentence of Paragraph 53. The remaining allegations in Paragraph 53 purport to characterize the site assessment plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the site assessment plan, they are denied.

54. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 54. Defendants admit the allegations in the second and third sentences of Paragraph 54.

55. The allegations in Paragraph 55 purport to characterize the Virginia Clean Economy Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced act, they are denied.

56. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57. Defendants admit the allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. Defendants admit the allegations in the first sentence of Paragraph 59. The allegations in the second sentence of Paragraph 59 characterize the CVOW Final Environmental Impact Statement ("EIS"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final EIS, they are denied.

60. Defendants admit the allegations in Paragraph 60.

61.    Defendants admit that consultations took place between Dominion, BOEM, the National Oceanic and Atmospheric Administration, and other agencies regarding the Project's impact on national security and that those consultations generally included the topics referenced, but deny the remaining allegations in Paragraph 61.

62.    Defendants admit the allegations in the first sentence of Paragraph 62. The allegations in the second sentence of Paragraph 62 purport to characterize the terms and conditions of BOEM's Construction and Operations Plan ("COP") approval, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced terms and conditions, they are denied.

63.    The allegations in Paragraph 63 purport to characterize the terms and conditions of BOEM's COP approval, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced terms and conditions, they are denied.

64.    Defendants admit the allegations in the second and third sentences of Paragraph 64. Defendants admit that the U.S. Army Corps of Engineers and the Environmental Protection Agency issued the permits and permission referenced in the second and third sentences of Paragraph 64 following environmental reviews. The allegations in the first sentence of Paragraph 64 are vague and ambiguous as to what agencies in addition to the Corps and Environmental Protection Agency, if any, are being referenced and the allegations are denied on that basis.

65.    Defendants admit that the location, construction and operations of CVOW's electric facilities in Virginia were reviewed and approved by the Virginia State Corporation Commission in 2022. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the "comprehensive, months-long, public process" preceding that

approval and deny the allegations on that basis.

66.    The allegations in the first sentence of Paragraph 66 purport to characterize the Final EIS, BOEM's Conditions of COP Approval, and BOEM's Record of Decision ("ROD"), each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced documents, they are denied.

67.    Defendants admit the allegations in the first and second sentence of Paragraph 67. Defendants admit the allegations in the third sentence of Paragraph 67.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth, fifth and sixth sentences of Paragraph 67.

68.    The allegations in the first, second, third, fourth, and sixth sentences of Paragraph 68 purport to characterize the Final EIS, BOEM's Conditions of COP Approval, and ROD, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced documents, they are denied.  Defendants admit the allegations in the fifth sentence of Paragraph 68.

69.    Defendants admit the allegations in Paragraph 69.

70.    The allegations in Paragraph 70 are vague and ambiguous as to what "other precautionary measures" are being referenced and the allegations are denied on that basis.

71.    Defendants admit the allegations in Paragraph 71.

72.    The allegations in the first sentence of Paragraph 72 are vague and ambiguous as to what safeguards are being referenced and the allegations are denied on that basis.  Defendants admit the allegations in the second sentence of Paragraph 72.  Defendants deny the allegation in the third sentence of Paragraph 72 that the required safeguards are effective.  Defendants lack knowledge and information necessary to form a belief as to the truth of the allegations in the third

sentence of Paragraph 72 regarding DEV's future actions and deny those allegations on that basis.

73.    The allegations in Paragraph 73 are vague and ambiguous as to what "extensive protections" are being referenced and where and in what format the Government has recognized them and "rejected claims of significant or unanalyzed harms," and the allegations are denied on that basis.

74.    The allegations in Paragraph 74 are vague and ambiguous as to the other agency actions being referenced and as to what is meant by "escalation of federal agency actions," and the allegations are denied on that basis.

75.    Federal Defendants admit the Presidential Memorandum titled *Temporary Withdrawal of All Areas on the Outer Continental Shelf From Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects* was issued on January 20, 2025.  The remaining allegations in Paragraph 75 purport to characterize that Presidential Memorandum, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced Memorandum, they are denied.

76.    The allegations in Paragraph 76 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced Memorandum, they are denied.

77.    The allegations in the first and second sentences of Paragraph 77 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced Memorandum, they are denied.  The allegations in the third sentence of Paragraph 77 purport to characterize a court order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced order, they are denied.

78.     The allegations in the first sentence of Paragraph 78 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum, they are denied. Defendants deny the allegations in the second sentence of Paragraph 78.

79.     Defendants deny the allegations in the first sentence of Paragraph 79. The remaining allegations in Paragraph 79 purport to characterize two Executive Orders, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced Executive Orders, they are denied.

80.     Defendants deny the allegations in the first sentence of Paragraph 80. The allegations in the second sentence of Paragraph 80 purport to quote and characterize BOEM's website, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the cited website, they are denied. The allegations in the third and fourth sentences of Paragraph 80 are vague and ambiguous as to the endorsements being referenced, what constitutes "aggressive" pursuit, and what other energy projects are being referenced, and the allegations are denied on that basis.

81.     Defendants deny the allegations in the first sentence of Paragraph 81. The allegations in the second and third sentences of Paragraph 81 purport to characterize a memorandum issued by the Secretary of the Interior and a BOEM Director's Order, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Memorandum and Director's Order, they are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 81 regarding delay costs and deny them on that basis. The remaining allegations in the fourth sentence of Paragraph 81 purport to characterize a BOEM order, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

82. Defendants admit that the offshore component of the Revolution Wind Offshore Wind and Export Cable Project is located off the coast of Rhode Island. Defendants also admit that BOEM issued a Director's Order to Orsted North America Inc. on August 22, 2025 requiring the halt of activities related to the Revolution Wind Project on the OCS. Defendants deny any remaining allegations in the first sentence of Paragraph 82. The allegations in the second and third sentences of Paragraph 82 purport to characterize the August 22, 2025 Director's Order regarding the Revolution Wind project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Director's Order, they are denied. Defendants admit the allegations in the fourth sentence of Paragraph 82.

83. Defendants admit that the federal government has moved for remand in four cases that collectively concern COPs for five approved projects.

84. The allegations in the first sentence of Paragraph 84 are vague and ambiguous as to what policies are being referenced and Defendants deny the allegations on that basis. The allegations in the first and second clauses of the second sentence of Paragraph 84 purport to quote and characterize unspecified Interior documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied. With respect to the third clause, Defendants admit that Interior has rescinded its designation of all Wind Energy Areas for leasing. The allegations in the fourth clause of the second sentence of Paragraph 84 are vague and ambiguous as to the "other steps" being referenced and are denied on that basis.

85. The allegations in Paragraph 85 purport to characterize statements made by the

President, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

86. Defendants admit that Interior did not provide DEV with advance notice of the December 22, 2025 suspension order but deny any violation of due process.

87. The allegations in Paragraph 87 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Suspension Order, they are denied.

88. The allegations in Paragraph 88 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Suspension Order, they are denied.

89. The allegations in the first sentence of Paragraph 89 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Suspension Order, they are denied. With respect to the second sentence of Paragraph 89, Defendants admit they are aware there are DEV officials with security clearances and that BOEM did not share the classified information underlying the Suspension Order with DEV officials prior to issuance of the Suspension Order. Defendants deny any remaining allegations in Paragraph 89.

90. The allegations in Paragraph 90 purport to characterize a press release issued by Interior, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced press release, they are denied.

91. The allegations in Paragraph 91 purport to characterize a social media post by the Secretary of the Interior, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced post, they are denied.

92.     The allegations in Paragraph 92 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Suspension Order, they are denied.

93.     The allegations in Paragraph 93 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that DEV was not required to pursue an administrative appeal but deny any remaining allegations.

94.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and deny them on that basis.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and deny them on that basis.

97.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and deny them on that basis.

98.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and deny them on that basis.

99.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and deny them on that basis.

100.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and deny them on that basis.

101.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and deny them on that basis.

102.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 102 and deny them on that basis.

Defendants deny the allegations in the second sentence of Paragraph 102.

103.    Defendants admit that cancellation of CVOW would eliminate the potential for up to 9.5 million MW hours of energy per year in electricity generation and that that amount of generation could power approximately 660,000 homes.  Defendants deny any remaining allegations in Paragraph 103.

104.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 104 and deny them on that basis.  The allegations in the second and third sentences of Paragraph 104 purport to characterize the Virginia Clean Economy Act, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

105.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and deny them on that basis.

106.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and deny them on that basis.

107.    Defendants incorporate by reference their responses to the preceding paragraphs.

108.    The allegations in Paragraph 108 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with the APA, they are denied.

109.    The allegations in Paragraph 109 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the Suspension Order is a final agency action but deny any remaining allegations.

110.    Defendants deny the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 purport to characterize OCSLA, which speaks for

itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with OCSLA, they are denied.

112.    The allegations in Paragraph 112 purport to characterize BOEM's regulations and unspecified leases and COP approvals issued pursuant to those regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced regulations, leases, and COP approvals, they are denied.

113.    The allegations in Paragraph 113 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

114.    Defendants admit the allegations in the first sentence of Paragraph 114.  The remaining sentences in Paragraph 114 purport to characterize the lease for the CVOW project, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the lease, they are denied.

115.    Defendants admit the allegations in the first sentence of Paragraph 115.  The allegations in the second sentence of Paragraph 115 purport to characterize BOEM's conditions of COP approval, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with BOEM's conditions of COP approval, they are denied. The allegations in the third sentence of Paragraph 115 purport to characterize an appendix to the ROD, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ROD, they are denied.

116.    The allegations in Paragraph 116 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

117.    Defendants admit the allegations in Paragraph 117.

118.    The allegations in the first sentence of Paragraph 118 purport to characterize

19

BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with BOEM's regulations, they are denied. Defendants admit the allegations in the first clause of the second sentence of Paragraph 118 regarding notice of noncompliance. The allegations in the second clause of the second sentence of Paragraph 118 are vague and ambiguous as to the legal requirements being referenced, and the allegations are denied on that basis.

119.    The allegations in Paragraph 119 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with BOEM's regulations, they are denied.

120.    The allegations in Paragraph 120 purport to characterize OCSLA and the CVOW lease, which speaks for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with OCSLA and the CVOW lease, they are denied.

121.    The allegations in Paragraph 121 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

122.    With respect to the second to last sentence of Paragraph 122, Defendants deny that the referenced lease provisions are applicable here and deny any violation of law. The remaining allegations in Paragraph 122 purport to characterize the CVOW lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the CVOW lease, they are denied.

123.    The allegations in the first sentence of Paragraph 123 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied. The allegations in the second sentence of

Paragraph 123 purport to characterize the CVOW lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the CVOW lease, they are denied. With respect to the third sentence of Paragraph 123, Defendants admit that the Suspension Order was not issued pursuant to 43 U.S.C. § 1334 but deny the remaining allegations.

124.    With respect to the second sentence of Paragraph 124, Defendants admit that the Director of BOEM could not issue a stop work order or suspension order without authority to do so, but deny that occurred here. Defendants deny the remaining allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    The allegations in the first, second, and third sentences of Paragraph 126 purport to characterize the CVOW COP and BOEM's Conditions of COP Approval, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the COP and Conditions of Approval, they are denied. With respect to the fourth sentence of Paragraph 126, Defendants admit that BOEM has not issued a notice of noncompliance regarding CVOW. The remaining allegations in the fourth sentence of Paragraph 126 are vague and ambiguous as to what "specific concern" encompasses, and the allegations are denied on that basis.

127.    With respect to the first sentence of Paragraph 127, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the reasons for DEV's actions and deny the allegations on that basis. Defendants admit that BOEM conducted a review before approving the CVOW COP but deny any remaining allegations in the first sentence of Paragraph 127. The allegations in the second and third sentences of Paragraph 127 purport to characterize BOEM regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied. With respect to the fourth sentence of Paragraph 127, Defendants admit that BOEM has

not invoked 30 C.F.R. §§ 585.634(b) or (c) but deny that "BOEM has not…identified any material changes to CVOW or its effects as approved."

128. The allegations in the first and second sentences, and first clause in the third sentence, of Paragraph 128 purport to characterize BOEM's regulations and the APA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations or statute, they are denied. Defendants deny the remaining allegations in the third sentence of Paragraph 128.

129. Defendants admit the allegations in the first sentence of Paragraph 129. Defendants deny the allegations in the second sentence of Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants incorporate by reference their responses to the preceding paragraphs.

132. The allegations in Paragraph 132 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

133. The allegations in Paragraph 133 are legal conclusions which require no response. To the extent a response is required, Defendants deny any violation of law.

134. The allegations in Paragraph 134 are legal conclusions which require no response. To the extent a response is required, Defendants deny any violation of law.

135. The allegations in Paragraph 135 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Suspension Order, they are denied.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

138.   Defendants deny the allegations in Paragraph 138.

139.   Defendants deny the allegations in Paragraph 139.

140.   Defendants deny the allegations in Paragraph 140.

141.   Defendants deny the allegations in Paragraph 141.

142.   Defendants deny the allegations in Paragraph 142.

143.   The allegations in the first, fifth, sixth, and eighth sentences of Paragraph 143 purport to characterize the Suspension Order, COP Conditions of Approval, and Final EIS for the CVOW Project, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced documents, they are denied.  Defendants deny the allegations in the second sentence of Paragraph 143.  With respect to the third and fourth sentences of Paragraph 143, Defendants admit that BOEM considered national security issues prior to issuing the COP approval for CVOW, and that BOEM's consideration of those issues included public comment and consultations with other federal agencies including the Department of War and the Coast Guard.  Defendants deny any remaining allegations in the third and fourth sentences.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 143 and deny them on that basis. The allegations in the ninth sentence of Paragraph 143 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

144.   The allegations in the first sentence of Paragraph 144 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 144.  Defendants deny the allegations in the fifth sentence of Paragraph 144.

145.    The allegations in the first sentence of Paragraph 145 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of Paragraph 145 purport to characterize Executive Order No. 14102, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced Executive Order, they are denied.  Defendants deny the allegations in the third and fourth sentences of Paragraph 145.

146.    The allegations in the second and third sentences of Paragraph 146 purport to characterize Executive Order No. 14219, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced Executive Order, they are denied.  Defendants deny the remaining allegations in Paragraph 146.

147.    The allegations in the first sentence of Paragraph 147 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  With respect to the second sentence of Paragraph 147, Defendants admit that the Final EIS for the CVOW COP approval considered alternatives.  Defendants deny that no party has claimed BOEM failed to consider an adequate range of alternatives.  Defendants admit that the Suspension Order was issued before the completion of the reviews identified in the Presidential Memorandum on Wind Energy, but deny the remaining allegations in the fifth sentence and the allegations in the third and fourth sentences of Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants incorporate by reference their responses to the preceding paragraphs.

151.    The allegations in Paragraph 151 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

24

OCSLA, they are denied.

152.    Defendants deny the allegations in Paragraph 152.

153.    The allegations in Paragraph 153 are legal conclusions that require no response.  To the extent a response is required, Defendants admit that the Suspension Order affected DEV's ability to continue construction on its lease, but deny any remaining allegations.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants incorporate by reference their responses to the preceding paragraphs.

156.    Defendants deny the allegations in Paragraph 156.

157.    The allegations in the first sentence of Paragraph 157 characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the APA, they are denied.  The allegations in the second sentence of Paragraph 157 are legal conclusions that require no response.  To the extent a response is required, Defendants admit that, as a general matter, the APA provides a cause of action to challenge agency actions subject to judicial review as *ultra vires* or exceeding constitutional authority.  Defendants deny any remaining allegations in the second sentence of Paragraph 157.

158.    Defendants deny the allegations in the first sentence of Paragraph 158.  The remaining allegations in Paragraph 158 are legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations in the second sentences of Paragraph 158. With respect to the third sentence of Paragraph 158, Defendants admit DEV holds a lease for CVOW and that it has an interest in that lease.  The remaining allegations in the third sentence of Paragraph 158 are vague and ambiguous as to the procedural due process Plaintiffs are alleging DEV is entitled to and the allegations are denied on that basis.

159.    The allegations in Paragraph 159 are legal conclusions that require no response.  To

the extent a response is required, Defendants deny the allegations in the first and second sentences of Paragraph 159.  Defendants admit the allegations in the third sentence of Paragraph 159, but deny any violation of law.

160.    The allegations in the first sentence of Paragraph 160 purport to characterize the United States Constitution, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Constitution, they are denied.  The allegations in the second sentence of Paragraph 160 are vague and ambiguous as to what supposed policy objections, actions or inactions, and laws are being referenced, and the allegations are denied on that basis. The allegations in the third and fourth sentences of Paragraph 160 are vague and ambiguous as to what statutes are being referenced and are denied on that basis.

161.    The allegations in Paragraph 161 purport to characterize the United States Constitution, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Constitution, they are denied.

162.    The allegations in Paragraph 162 are legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

163.    The allegations in Paragraph 163 are legal conclusions that require no response.  To the extent a response is required, the allegations in Paragraph 163 are vague and ambiguous as to what statutes and legislation are being referenced and the allegations are denied on that basis.

164.    Defendants deny the allegations in Paragraph 164.

The remainder of Plaintiffs' complaint constitutes their prayer for relief, which requires no response.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

Dated: April 10, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

/s/ *Amanda K. Rudat*
AMANDA K. RUDAT
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 532-3201
amanda.rudat@usdoj.gov


TODD W. BLANCHE
Acting Attorney General

/s/ *Kent P. Porter*
KENT P. PORTER, VSB No. 22853
Supervisory Assistant U.S. Attorney
Office of the United States Attorney
8000 World Trade Center
101 W. Main Street
Norfolk, Virginia 23505
Tel:     (757) 441-6331
Fax:     (757) 441-6689
Email: kent.porter@usdoj.gov

*Attorneys for Defendants*