# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

VIRGINIA ELECTRIC AND POWER
COMPANY, D/B/A DOMINION ENERGY
VIRGINIA; OSW PROJECT LLC,
     Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR; BUREAU OF OCEAN
ENERGY MANAGEMENT; DOUGLAS
BURGUM, Secretary of the Interior, in his
official capacity; MATTHEW GIACONA,
Acting Director, Bureau of Ocean Energy
Management, in his official capacity,
     Defendants.

Case No. 2:25-cv-00830

## PLAINTIFFS' RESPONSE TO MAY 15, 2026 ORDER ON JUSTICIABILITY

Plaintiffs' ("DEV") claims remain justiciable. The December 22, 2025, Bureau of Ocean Energy Management ("BOEM") suspension order ("Order")[1] significantly delayed construction of the Coastal Virginia Offshore Wind – Commercial Project ("CVOW") and increased DEV's costs by more than $125 million. *See* Dkt. No. 39 at 26-28. That threat persists absent the Court's current injunction ensuring CVOW construction and operation can continue uninterrupted. While DEV is prepared to proceed with administrative record and merits briefing, and BOEM previously "welcome[d] expedited briefing" on the merits (Dkt. No. 82 at 37), DEV does not oppose BOEM's present "motion to stay proceedings" (Dkt. Nos. 99, 100) so long as CVOW construction and operation continue.

All that "expired" is the Order's initial 90-day period for BOEM to "consider all feasible mitigation measures before making a decision as to whether the project must be cancelled." The Order expressly stated that BOEM could "extend the 90-day suspension period"—"presumably *ad infinitum*" as this Court recognized (*see* Dkt. No. 82 at 37). BOEM has not withdrawn the Order, disclaimed its renewal, or disavowed its alleged "national security threats." Rather, its own stay motion avers that "BOEM has not completed its review of national security issues and potential mitigation measures" and refers to possible "further BOEM action" against CVOW. Dkt. No. 100 at 2. BOEM itself seeks a stay, not dismissal, because any subsequent BOEM actions pursuant to its Order "will likely inform whether, and how, this case should proceed." *Id.* Moreover, challenges to each of BOEM's four similar same-day suspension orders issued to other offshore wind developers are still pending with injunctions in place.[2] Since BOEM's

---

[1] https://www.boem.gov/renewable-energy/state-activities/boem-cvow-suspension-letter.
[2] *See Empire Leaseholder LLC v. Burgum*, No. 1:26-cv-004 (D.D.C. Jan. 2, 2026); *Revolution Wind LLC v. Burgum*, No. 1:25-cv-2999 (D.D.C. Sept. 4, 2025); *Sunrise Wind LLC v. Burgum*, No. 1:26-cv-00028 (D.D.C. Jan. 6, 2026); *Vineyard Wind 1 LLC v. United States Dep't of the Interior*, No. 1:26-cv-10156 (D. Mass. Jan. 15, 2026).

conduct under its CVOW Order "remains ongoing," this case should as well.  *See id.*

Even if the Order itself "expired," DEV's claims remain live.  A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted).  Either or both established exceptions to mootness apply here.

First, the Supreme Court has imposed a "heavy burden" for finding mootness based on "voluntary cessation" of the defendant's conduct, requiring that it be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000); *see also Wall v. Wade*, 741 F.3d 492, 497 (4th Cir. 2014) ("We have previously held that when a defendant retains the authority and capacity to repeat an alleged harm, a plaintiff's claims should not be dismissed as moot."); *Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 192 (4th Cir. 2018) (rejecting mootness where defendant was still "fighting to retain the . . . program"); *Porter v. Clarke*, 852 F.3d 358, 366 (4th Cir. 2017) (rejecting mootness where defendant "refuses … to 'promise not to resume the prior practice'") (citation omitted).  Here, BOEM has provided no indication that it will abandon its Order, much less absolutely clear evidence; its actions under the Order are ongoing rather than ceasing.  Consistently, the current Administration has continued to attack offshore wind projects.[3]  It follows that this case remains justiciable.

---

[3] *See, e.g.,* Transcript, Meeting of President Trump and Taoiseach Martin, March 17, 2026 https://transcripts.cnn.com/show/ow/date/2026-03-17/segment/02 ("I'm proudly telling you that we are going to try and have no windmills built in the United States during my -- they're very bad."); Clara Hudson, *Democrats Press Interior Chief on Wind and Solar Energy Hurdles*, Wall Street Journal (May 13, 2026), https://www.wsj.com/pro/sustainable-business/democrats-press-interior-chief-on-wind-and-solar-energy-hurdles-bc52294c; Jennifer McDermott, *Democrats investigate as Trump OKs almost $2 billion in taxpayer money to end offshore wind projects*, Associated Press (Apr. 29, 2026), https://apnews.com/article/trump-offshore-wind-payouts-democrats-investigation-climate-3cf2dd4eb0cc9cc5442e204583057453.

Second, the Order is a paradigmatic example of an agency action "capable of repetition, yet evading review." *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011) (citation omitted) (applying exception in election context). This exception applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citation omitted). Here, as evident from all five cases challenging BOEM's offshore wind suspension orders, the Order's 90-day initial period does not suffice to produce a final judgment. Additionally, the Order itself, BOEM's own statements, and the Administration's broader actions yield a reasonable expectation of repeated unlawful agency conduct. The Court should not enable BOEM to game the system by issuing its unlawful Order with a 90-day initial term, evading final judgment after those 90 days, and then remaining free to reinstate a similar order. This set of facts and circumstances is precisely why the doctrine of "capable of repetition, yet evading review" exists.

For the above reasons, Plaintiffs' claims and the Court's injunction against the Order should remain in place. The Court thus should either grant Defendants' stay motion and order a joint status report within 90 days, or alternately set a new deadline for the parties to jointly propose a merits briefing schedule. If this Court has additional concerns about justiciability at this juncture, DEV requests an opportunity to provide the Court with full briefing on this issue.

Dated: May 20, 2026 Respectfully submitted,

*/s/ Nessa Horewitch Coppinger*
NESSA HOREWITCH COPPINGER,
VA Bar No. 65566
JAMES M. AUSLANDER, *pro hac vice*
R. JUSTIN SMITH, *pro hac vice*
HILARY T. JACOBS, *pro hac vice*
JULIUS M. REDD*, pro hac vice*
Beveridge & Diamond, P.C.

1900 N Street, NW, Suite 100
Washington, D.C. 20036
Telephone: 202-789-6000
Fax: 202-789-6190
ncoppinger@bdlaw.com
jauslander@bdlaw.com
jsmith@bdlaw.com
hjacobs@bdlaw.com
jredd@bdlaw.com

*Counsel for Virginia Electric and Power Company,
d/b/a Dominion Energy Virginia, and OSW Project
LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed on May 20, 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ Nessa Horewitch Coppinger
NESSA HOREWITCH COPPINGER,
VA Bar No. 65566
Beveridge & Diamond, P.C.
1900 N Street, NW, Suite 100
Washington, D.C. 20036
Telephone: 202-789-6000
Fax: 202-789-6190
ncoppinger@bdlaw.com

*Counsel for Virginia Electric and Power Company, d/b/a Dominion Energy Virginia, and OSW Project LLC*

5